# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALEXANDRE PINKSTON,<br><br>       Plaintiff,<br><br>  v.<br><br>FIERRO, et. al.,<br><br>       Defendants.<br>_____/ | CV F   00 6193 REC SMS P<br><br>ORDER GRANTING PLAINTIFF THIRD EXTENSION OF TIME TO FILE OPPOSITION (Doc. 125.)<br><br>ORDER DENYING REQUEST FOR AN EVIDENTIARY HEARING (Doc. 127.) |

     Michael Alexandre Pinkston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. Request for Judicial Notice**

     On June 3, 2005, Plaintiff filed a pleading titled "Request for the Court to Take Judicial Notice of Facts." In this pleading, Plaintiff explains that he is having difficulty in obtaining access to some of his property which may contain his deposition transcript. Thus, he has been delayed in formulating an Opposition to the Motion for Summary Judgment. Although Plaintiff did not make a formal request for an extension of time by including it in the caption of the pleading, he did make such a request in the body. Accordingly, the Request for a third extension of time is GRANTED.

**B. Motion for Evidentiary Hearing**

     On June 10, 2005, Plaintiff filed a Motion for An Evidentiary Hearing. Here, Plaintiff complains again about the difficulty he is having in getting access to his property. It appears that

1

1  Plaintiff has filed some type of internal grievance in an attempt to have the access he seeks but
2  has been somewhat unsuccessful.  Thus, Plaintiff requests that the Court hold an evidentiary
3  hearing to determine whether another extension of time is warranted and whether the Court
4  should appoint counsel.
5        The Court generally does not hold evidentiary hearings to determine whether extensions
6  of time are necessary or for the appointment of counsel.  As noted above, the Court has already
7  determined that Plaintiff has shown cause sufficient to warrant the granting of a third extension
8  of time.  Thus, the issue of an extension is resolved.
9        With regard to Plaintiff's request for the appointment of counsel, the court cannot require
10  an attorney to represent Plaintiff.  <u>Mallard v. United States District Court for the Southern</u>
11  <u>District of Iowa</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may
12  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v.</u>
13  <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method of securing and
14  compensating counsel, this Court will seek volunteer counsel only in the most serious and
15  exceptional cases.  "A finding of exceptional circumstances requires an evaluation of both 'the
16  likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se*
17  in light of the complexity of the legal issues involved.'"  <u>Terrell</u>, 935 F.2d at 1017 (*citations*
18  *omitted*).  Accordingly, Plaintiff's request for an evidentiary hearing is DENIED.

19  **C.  Order**
20        The Court HEREBY ORDERS:
21      1.    Plaintiff's Third Request for an Extension of time is GRANTED.  The Opposition
22        is due no later than THIRTY (30) days from the date of service of this Order.
23      2.    The Request for an Evidentiary Hearing is DENIED.
24
25  IT IS SO ORDERED.
26  **Dated:   June 21, 2005**                **/s/ Sandra M. Snyder**
    icido3                                UNITED STATES MAGISTRATE JUDGE
27
28