# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. PINKSTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. FIERRO, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F 00 6193 REC SMS P<br><br>ORDER DENYING REQUEST TO DENY MOTION FOR SUMMARY JUDGMENT AND RE-OPEN DISCOVERY (Doc. 165-1)<br><br>ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO FILE AN OPPOSITION (Doc. 165-2.) |

　　　Michael A. Pinkston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　On July 17, 2006, Defendants filed a Motion for Summary Judgment on behalf of Defendants Fierro, Gulack, Maldonado, Loomis and Kee. Plaintiff had thirty days in which to file an Opposition to the Motion for Summary Judgment, however, to date, he has not filed such pleading.

　　　On August 21, 2006, Plaintiff filed a pleading titled "Request for Denial or Continuance of Summary Judgment and to allow Plaintiff 90 days of an Extension of Time to file an Opposition." In this pleading, Plaintiff states that a former Litigation Coordinator, Jennifer Jones, was transferred from her position because she was being sued by another inmate and Plaintiff believes that she hindered the discovery process in many inmates case. As a result, Plaintiff is seeking that the Court deny the Motion for Summary Judgment and re-open discovery to obtain certain documents that he was informed were confidential. Apparently Plaintiff believes he can obtain these documents now that Ms. Jones is no longer employed at the facility.

1 However, Ms. Jones is not a party to this case. Thus, any discovery Plaintiff may have
2 propounded on the Defendants would have been done through the Defendants attorney and not
3 the litigation coordinator.
4     Plaintiff also requests a ninety day extension of time to file an Opposition to the Motion
5 for Summary Judgment. Plaintiff's Motion goes on for forty-three pages challenging much of
6 what Defendants argue in the Motion for Summary Judgment. However, such arguments are
7 more appropriately made in an Opposition to the Motion for Summary Judgment and not a
8 pleading such as that filed by Plaintiff and addressed in this Order.

**DISCUSSION**

Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

> (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Ninth Circuit has explained that in order to prevail on a Rule 56(f) motion, the party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998). "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (*quoting* Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists. Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

Generally, a party files a Rule 56(f) motion after the opposing party files a motion for summary judgment early in the proceedings, before the parties have had ample time to conduct discovery. Rule 56(f) prevents the opposing party from having to respond to an early Motion for summary judgment without the benefit of discovery.

In this case, however, Plaintiff, filed the instant motion well after the close of discovery.

1 Discovery in this case closed in August of 2004, and Plaintiff did not at any time file a request
2 for an extension of the discovery deadline.  The Court has considered all of the documents filed
3 by both parties with regard to this issue, and the Court finds that Plaintiff cannot now, almost two
4 years after the close of discovery and only after Defendants filed a motion for summary
5 judgment, move to set aside or continue the motion so that he may conduct more discovery.
6 Because discovery is closed, the Court finds that Plaintiff's Rule 56(f) Motion must be denied as
7 untimely.  The Court will grant Plaintiff an extension of time to file an Opposition to the pending
8 Motion for Summary Judgment.

9       Accordingly, the Court HEREBY ORDERS:

10   1.     The Request to Deny the Motion for Summary Judgment and re-open discovery is
11        DENIED pursuant to Federal Rule of Civil Procedure 56(f) is DENIED;
12   2.     Plaintiff is GRANTED thirty (30) days to file an Opposition to the pending
13        Motion for Summary Judgment.  The Court notes that Plaintiff has a history of
14        making excessive requests for extensions of time.  The Court will not consider
15        such requests by Plaintiff absent a showing of extremely good cause.

16 IT IS SO ORDERED.

17 **Dated:**   **August 24, 2006**          /s/ Sandra M. Snyder
   icido3                               UNITED STATES MAGISTRATE JUDGE